IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | Case No. 1:21-CR-00447-CJN-03 |
| : | |
| **JOSHUA CHRISTOPHER DOOLIN,** : | |
| **Defendant.** : | |

**RENEWED MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE**

COMES NOW, Joshua Christopher Doolin, through counsel, Allen H. Orenberg, respectfully renews his motion to modify his conditions of release – to vacate the requirement of "Stand Alone Monitoring" (GPS ankle bracelet) *See* Order Setting Conditions of Release. (Doc. 22, pp.2-3)

As grounds for this motion counsel states the following:

1. Mr. Doolin is charged with violations of 18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority (Count 16), and 18 U.S.C. §1752(a)(2) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds. (Count 17)

2. Both charges are misdemeanors, and neither charge allege acts of violence by Mr. Doolin.

3. Nothing in the discovery provided to date contains any indicia of violence by Mr. Doolin.

4. On July 30, 2021, the defendant's initial Motion for Modification of Conditions of Release was filed. (Doc. 35) Mr. Doolin asked the Court to vacate the GPS

1

"Stand Alone Monitoring" requirement, which was ordered by the Court on July 8, 2021. The government opposed (Doc. 36) and a reply was filed on August 8, 2021. (Doc. 37) The Court denied the Motion during a telephone hearing on August 9, 2021.

5. The government, per AUSA Benet Kearney, indicates they oppose this renewed motion seeking to vacate the GPS "Stand Alone Monitoring" requirement.

6. The Bail Reform Act, 18 U.S.C. §3142(c)(1)(B) provides for release of a person on conditions subject to the:

> least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may (emphasis provided) include the condition that the person—

7. Mr. Doolin's placement on "Stand Alone Monitoring" (GPS ankle bracelet) is not the "least restrictive" condition of release.

8. Since the Court released Mr. Doolin on July 8, 2021, (with the condition of "Stand Alone Monitoring" (GPS ankle bracelet)), he continues to live with his wife in his home community of Polk City, Florida.

9. Counsel spoke with U.S. Pre-Trial Services Officer Danielle Sull (MDFL-Tampa) who reports Mr. Doolin is in full compliance with all terms and conditions as set forth in the Order Setting Conditions of Release. (Doc. 22)

10. Prior to January 6, 2021, Mr. Doolin was a firefighter/EMT in Polk City, Florida. Since January 6, 2001, he has been employed full-time with a local bread delivery company. *See* updated letter from Aldon Haskaj, attached as an exhibit.

(Dated October 3, 2021) Mr. Haskaj tells the Court that the GPS ankle bracelet is preventing Mr. Doolin from servicing certain deliver routes and, moreover, that a few times his route(s) had to be adjusted due to problems with the GPS device. One may infer that continued utilization of the GPS ankle bracelet will, in the future, interfere with Mr. Doolin's job duties.

Mr. Doolin possesses an excellent reputation in his community for being a good family man, devoted to his faith, hardworking, and for being a contributing member of his community. *See* letters from Pastor Kyle Ivy, Jimmy Wilson, Morgan Doolin (wife), Jan Doolin (mother), Sam Doolin (brother). All letters were attached to the defendant's initial motion for modification of conditions of release and are attached as an exhibit to this renewed motion.

Furthermore, Mr. Doolin regularly exercises (approx. 5 times weekly) by either "working-out" at a local gym or by playing basketball. He reports that the GPS anklet on his left leg is not only a hindrance to his exercise regimen, but that he has continued to suffer from annoying blisters as a result of wearing the device.

11.     Recently, during a status hearing on September 28, 2021, the Court scheduled another status hearing for November 23, 2021.[1] This means that unless the

---

[1] During the September 28th status hearing counsel expressed concerns on behalf of Mr. Doolin that the government may, on November 23, 2021, again inform the Court that the "discovery process is on-going" and that another status hearing should be scheduled to afford the government more time to produce discovery. If this occurs, then this ongoing delay in Mr. Doolin's case may result in additional time he is required to be on the GPS ankle bracelet.

3

Court modifies conditions of release as requested herein, the defendant will remain on the GPS ankle bracelet for at least another eight weeks, and beyond.

12. Mr. Doolin is not charged with a crime of violence or a felony, therefore, "Stand Alone Monitoring" (GPS ankle bracelet) is not necessary to "reasonably assure the appearance of the person as required and the safety of any other person and the community." There is no threat to the community posed by Mr. Doolin, which is evidenced by his perfect record of compliance since his release, as well as his employment history and the significant community support for him. The combination of conditions that were ordered when Mr. Doolin was initially released, without the GPS electronic monitoring, will assure this Court of the safety of the community and his presence at all required court proceedings. Mr. Doolin can be effectively supervised and monitored without the GPS electronic location monitoring. This can be done by regular telephone contacts, emails, texts and home visits with his local supervising U.S. Pre-Trial Services Officer.

13. Defendant, by counsel, respectfully requests a (video-conference) hearing on this renewed his motion to modify his conditions of release.

WHEREFORE, for these reasons and such other reasons that may appear just and proper, counsel respectfully requests that this motion to modify conditions of release be granted by vacating the requirement of "Stand Alone Monitoring."

Respectfully Submitted,

_____-S-_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. 301-984-8005
Cell Phone No. 301-807-3847
Fax No. 301-984-8008
aorenberg@orenberglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2021, a copy of the foregoing Renewed Motion For Modification Of Conditions Of Release, with a proposed Order, was delivered to case registered parties by the CM/ECF court system.

_____-S-_____
Allen H. Orenberg