UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 21-CR-447-3 (CJN) |
| | : | |
| **JOSHUA CHRISTOPHER DOOLIN,** | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY RELEASE CONDITIONS OF RELEASE

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Joshua Doolin's Renewed Motion to Modify Conditions of Pretrial Release. The government respectfully opposes the Defendant's motion (the "Motion") and asks that the conditions of release remain the same. In support of its opposition, the Government incorporates the arguments in its opposition to the defendant's prior motion to modify conditions of pretrial release (Dkt. 36).

### Procedural Posture

On June 25, 2021, the defendant was charged by complaint (the "Complaint") with: (1) Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. §§ 111(a)(1) and (b), (2) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. 1752(a)(1); (3) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (4) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. 1752(a)(4); and (5) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).

The defendant was arrested in the Middle District of Florida on June 30, 2021 and presented in that district on that same date. At that proceeding, Magistrate Judge Thomas G. Wilson ordered that the defendant be released, subject to conditions that included a $50,000 unsecured bond, GPS monitoring, and the surrender of all firearms.

On July 1, 2021, a grand jury in the District of Columbia returned indictment 21 Cr. 447 (the "Indictment") charging the defendant with (1) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. 1752(a)(1) (Count Sixteen of the Indictment) and (2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Seventeen of the Indictment).

On July 8, 2021, the defendant was presented and arraigned in the District of Columbia. At that proceeding, Magistrate Judge G. Michael Harvey, after hearing from the parties, ordered that the defendant be released, subject to conditions that included stand-alone GPS monitoring and the surrender of all firearms. See Dkt. 22.

On July 30, 2021, the defendant, through counsel, filed a motion seeking to modify these conditions of release and remove the stand-alone GPS monitoring condition on the grounds that stand-alone GPS monitoring was not the least restrictive condition of release required in order to reasonably ensure the appearance of the defendant as required and the safety of any other person and the community and citing the GPS anklet's interference with the defendant's ability to exercise. Dkt. 35, 37. On August 9, 2021, after hearing from the parties, this Court denied the motion.

On October 5, 2021, the defendant, through counsel, again filed a motion seeking to vacate the stand-alone monitoring requirement. Dkt. 52.

## **The Court Should Not Modify the Conditions of the Defendant's Pre-trial Release**

The defendant again seeks to have the stand-alone GPS monitoring condition of his release removed. In support of this motion, he offers the same arguments as his previous motion – that the GPS anklet is a "hindrance to his exercise regimen," Motion at 3, and that he has extensive support in the community, *id.* – but he cites no change in his circumstances that decreases the danger he presents to the community or that warrants revisiting either Judge Harvey's or this Court's prior determination.

The only new allegation the defendant makes it that the GPS monitoring condition "is preventing [him] from servicing certain deliver[y] routes" in connection with his employment, and that on a "few" occasions, "his route(s) had to be adjusted due to problems with the GPS device." *Id.* He also asks the Court to "infer that continued utilization of the GPS ankle bracelet will, in the future, interfere with [his] job duties." *Id.* While the Motion does not specify precisely how GPS monitoring interferes with the defendant's employment, it appears that, on occasion, the GPS device's battery has been depleted, which resulted in the defendant having to cut his route short.

The Government has consulted with the defendant's pre-trial officer, who has reported that, on a few occasions, the defendant has been required to report in person to the Pretrial Services office because he was not present at his residence when a field visit was conducted and that, on one occasion, the defendant reported that his GPS device's battery was experiencing issues. If fully charged, the GPS unit's battery should last for a minimum of 24 hours; if the defendant is required to be absent from his residence for a longer period, travel chargers are available. The Government submits that ensuring that the device is properly charged and/or obtaining a travel charger should alleviate any problems that the stand-along monitoring

requirement poses for the defendant's continued employment.

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion.

Respectfully submitted,

Channing D. Phillips
Acting United States Attorney
D.C. Bar No. 415793

 /s/ *Benet J. Kearney*
Benet J. Kearney
NY Bar No. 4774048
Assistant United States Attorney
1 Saint Andrew's Plaza
New York, New York 10007
(212) 637 2260
Benet.Kearney@usdoj.gov

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Opposition to Defendant's Motion to Modify Conditions of Release was served on all counsel of record via the Court's electronic filing service.

                                                    /s/ Benet J. Kearney
                                                    BENET J. KEARNEY
                                                    Assistant United States Attorney

Date:  October 12, 2021