UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JOSHUA CHRISTOPHER DOOLIN,

*Defendant*.

Criminal Action No. 1:21-cr-00447-3 (CJN)

**ORDER**

Before the Court is Defendant Joshua Doolin's Second Motion for Modification of Conditions of Release ("Second Mot."), ECF No. 52. The Court will deny the Motion without prejudice.

Magistrate Judge Harvey previously placed Doolin on Stand Alone Monitoring, which requires that he wear a GPS ankle monitor. *See* Order Setting Conditions of Release, ECF No. 22 at 2–3. Doolin previously asked this Court to take him off Stand Alone Monitoring. *See* First Motion to Modify Conditions of Release, ECF No. 35. The Court denied that request. *See* Minute Entry for August 9, 2021. Doolin renews his previous Motion, attaching in support a letter from his employer explaining that his "ankle monitor is really the only thing holding us back from sending Joshua" on a certain delivery routes, as "[a] few times [his ankle monitor] has almost died during his work day and we have had to adjust his route to accommodate." Letter from Aldon Haskaj, ECF No. 52-1. Besides noting that the ankle monitor is also a hinderance to his workout regime, Second Mot. at 3, Doolin raises no other new arguments.

Doolin has not made a sufficient showing for this Court to release him from Stand Alone Monitoring. The Court is concerned about the ankle monitor hindering Doolin's ability to work. But comments made by the United States at argument suggest that technology might be able to

1

alleviate the problems of the ankle monitor's battery dying on longer drives. The Probation Officer on this case is therefore instructed to work with Doolin to provide the necessary tools he needs to ensure an adequate charge during his workday. Should that prove ineffective and still hinder Doolin's ability to drive longer routes, the Court will entertain a renewed Motion on this point.

As to Doolin's argument that the ankle monitor adds difficulties to his workout routine, the Court does not find that argument persuasive. It is not a changed circumstance that decreases the danger he poses to the community.

Accordingly, it is

**ORDERED** that Defendant Joshua Christopher Doolin's Second Motion for Modification of Conditions of Release, ECF No. 52, is **DENIED**.

DATE: November 23, 2021

CARL J. NICHOLS
United States District Judge