**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **No. 1:21-cr-00447-CJN-03** |
| | : | |
| **JOSHUA CHRISTOPHER DOOLIN,** | : | |
| **et al.** | : | |

**DEFENDANT JOSHUA CHRISTOPHER DOOLIN'S MOTION FOR SEVERANCE OF DEFENDANTS AND/OR COUNTS WITH INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

COMES NOW Defendant, Joshua Christopher Doolin, by and through undersigned counsel, and pursuant to Rules 8 & 14(a) of the Federal Rules of Criminal Procedure, the Sixth Amendment of the United States Constitution, and the Speedy Trial Act, 18 U.S.C. § 3161, hereby respectfully moves this Honorable Court for the entry of an Order of severance for trial. Mr. Doolin requests a separate trial be ordered for him apart from each of his co-defendants.

As grounds, the following is stated:

**Background**

Mr. Doolin is charged with violations of 18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority (Count 16), and 18 U.S.C. §1752(a)(2) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds. (Count 17) Both charges are misdemeanors, and neither charge alleged acts of violence by Mr. Doolin.

Co-defendant Joseph Daniel Hutchinson is charged in Counts 3, 8 & 11 with Assaulting, Resisting or Impeding Certain Officers, in violation of 18 § 111(a)(1), Count 16 with 18 U.S.C. § 1752(a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority), Count 17 with 18 U.S.C. §1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), Count 18 with 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in Restricted Building or Grounds), and Count 19 with 40 U.S.C. § 5104(e)(2)F) (Act of Physical Violence in a Capitol Building or Grounds.

Co-defendant Michael Steven Perkins is charged in Count 6 (Assaulting, Resisting or Impeding Certain Officers, in violation of 18 § 111(a)(1), Count 16 with 18 U.S.C. § 1752(a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority), Count 17 with 18 U.S.C. §1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), Count 18 with 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in Restricted Building or Grounds), and Count 19 with 40 U.S.C. § 5104(e)(2)F) (Act of Physical Violence in a Capitol Building or Grounds.

Co-defendant Olivia Michele Pollock is charged in Count 12 with (Assaulting, Resisting or Impeding Certain Officers, in violation of 18 § 111(a)(1), Count 16 with 18 U.S.C. § 1752(a)(1) (Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority), Count 17 with 18 U.S.C. §1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or

Grounds), Count 18 with 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in Restricted Building or Grounds), and Count 19 with 40 U.S.C. § 5104(e)(2)F) (Act of Physical Violence in a Capitol Building or Grounds.

Co-defendant Jonathan Daniel Pollock (who has yet to be arrested and presented before this Court) is charged in Counts 1, 2, 3, 4, 5, 7, 8, 9, 10,11, 13, 14, 15, 16, 17, 18 &19. (Most charged counts against Jonathan D. Pollock are serious felony charges)

On July 8, 2021, Mr. Doolin was initially presented in this jurisdiction before Magistrate Judge G. Michael Harvey. He was released on conditions, including GPS stand-alone monitoring. Thus, July 8, 2021, is the date on which the speedy trial clock begins to run. *See* 18 U.S.C. § 3161 (c).

During a status hearing on February 2, 2002, Mr. Doolin asserted his right to a speedy trial. The Court nevertheless declared that, as to Mr. Doolin and all co-defendants, the time period beginning on February 2, 2022, through April 5, 2022, is excluded from Speedy Trial Act computations.

## I. Mr. Doolin Asserts That His Charges Are Mis-joined with His Co-defendants (Fed. R. Crim. P. 8(b)) [1] And, Moreover, That Relief from Prejudicial Joinder Is Necessary to Insure a Fair Trial as to Him. (Fed. R. Crim. P. 14) [2]

The application of Fed. R. Crim. P. 8(b) and/or Fed. R. Crim. P. 14 to Mr. Doolin requires that the trial of Mr. Doolin should be severed from his co-defendants under one or more of the several following theories.

Under the first theory, he has been improperly joined with his co-defendants, in violation of Fed R. Crim. P. 8. Because guilt is both individual and personal, a defendant charged with others has "the right not to be tried *en masse* for the conglomeration of distinct and separate offenses committed by others. *Kotteakos v. United States*, 328 U.S. 750, 775 (1946). The mere showing that the acts occurred at or about the same time or that such acts violated the same statutes is not sufficient to show that the acts constitute a series of acts or transactions within the meaning of the Rule. *United States v. Satterfield*, *supra*; *United States v. Martinez*, 479 F.2d 824, 827 (1st Cir. 1973); *King v. United States*, 355 F.2d at 703. It is, therefore, submitted that severance under Fed. R. Crim. P. 8 is mandated.

---

[1] Fed. R. Crim. P. 8 provides in pertinent part: (b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

[2] Fed. R. Crim. P. 14 provides in pertinent part: If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant severance of defendants or provide whatever other relief justice requires.

Under the second theory, relief should be afforded to Mr. Doolin from prejudicial joinder. (Fed. R. Crim. P. 14)  Severance for prejudicial joinder under Rule 14 is discretionary. *See, e.g.*, *United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980) Joinder, and trial together of the co- defendants charged in the single indictment creates a substantial risk of prejudice. As noted in *Drew v. United States*, 331 F. 2d 85 (D.C. Cir. 1964), the decision whether to sever requires a balancing test, "weigh[ing] prejudice to the defendant against the obviously important considerations of justice and expedition in judicial administration *Id.* at 88. The *Drew* Court observed that there are several potential dangers in trying distinct crimes at the same time:

> (1) [The Defendant] may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found guilt of the other crime or crimes charged; (3) the jury may cumulate the evidence of the various crimes charged and find guilt where, if considered separately, it would not find so.  A less tangible, but perhaps equally persuasive element of prejudice may reside in a latent feeling of hostility engendered by the charging of several crimes as distinct from only one. *Id.* at 88.

In determining whether counts are correctly joined, the court should determine whether the evidence is mutually admissible. That is if the evidence of each offense would be admissible in a separate trial of the other for some "substantial" and "legitimate" purpose. *Id.* at 89-90.

These reasons are generally referred to as the "*Drew* Exceptions:" [3]

> (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common plan or scheme embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; and (5) the identity of the person charged with the commission of the crime on trial. *Id*. at 90.

Where that charges are not mutually admissible, the charges must be severed unless they can be kept "separate and distinct" so that the jury is unlikely to cumulate the evidence in deciding guilt. *Dunaway v. United States*, 205 F. 2d 23, 27 (D.C. Cir. 1953). Theoretical distinctness is not enough; the government's presentation and the court's instructions must keep the evidence "separate and distinct." This requires of "court and counsel . . . a `vigilant precision in speech and action far beyond that required in an ordinary trial.'" *Drew*, *supra*, 331 F.2d at 94.

In the instant case, keeping the evidence of several counts involving five defendants, separate and distinct, would be extremely difficult, if not impossible. It is believed that his indicted co-defendants, as well as un-indicted co-conspirators, chiefly orchestrated and carried out the bulk of the criminal acts alleged in the indictment.

---

3

*Drew* does not apply where such evidence is: (1) direct and substantial proof of the charged crime, (2) is closely intertwined with the evidence of the charged crime, or (3) is necessary to place the charged crime in an understandable context.". *Mitchell v. United States*, 985 A.2d 1125, 1138 (D.C. 2009) (quoting *Flumo v. United States*, 683 A.2d 1087, 1090-91 (D.C. 1996).

Thus, compelling Mr. Doolin to defend in a joint trial against the indictment when, on balance, the evidence against him may well be confused with evidence presented against others mandates severance. It is well settled that, the "dangers of transference of guilt" compel the trial court to use "every safeguard to individualize each defendant in his relation to the mass." *Kotteakos v. United States*, 328 U.S. 750, 773-774 (1946). *Accord United States v. Tarantino*, 846 F. 2d 1384, 1398 (D.C. Cir.), *cert. denied*, 109 S. Ct. 174 (1988)(the "prejudicial spillover" may deprive the defendant of a fair trial); *United States v. Sampol*, 636 F.2d 621, 645 (D.C. Cir. 1981)("guilt felt by the jury to adhere to some of the defendants might `rub off' on others")(*citing with approval United States v. Kelly*, 349 F.2d 720,759 (2d Cir. 1965), *cert. denied*, 384 U.S. 947 (1966)). Consequently, the prejudice to Mr. Doolin if he is required to defend against the evidence as against the other co-defendants requires this Court to order severance. *United States v. Mardian*, 546 F.2d 973 (D.C. Cir. 1976); *United States v. Sampol*, 636 F.2d 621 (D.C. Cir. 1981). (*Tarantino* and *Sampol* quoted and affirmed *by United States v. Glover*, 583 F. Supp. 2d 5, 16 (D.D.C. 2008))

## II. Requiring a Joint Trial Compromises Mr. Doolin's Sixth Amendment Right to a Speedy Trial.

The Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161, guarantees the accused's right to a Speedy Trial. The election of the co-defendants

to waive their respective rights to a Speedy Trial is now interfering with Mr. Doolin's Sixth Amendment rights and his rights afforded to him pursuant to 18 U.S.C. § 3161. Mr. Doolin seeks a swift resolution of the charges against him so that he can resume his normal life as a husband and as a better wage earner.[4] He wishes to be free once and for all of the GPS ankle bracelet that monitors his every movement, which is a condition of his pretrial release Order. Most importantly, he wants to clear his name and rebuild his reputation. Requiring a joint trial would impede Mr. Doolin's ability to achieve the swift resolution he seeks.

Under the Speedy Trial Act, Mr. Doolin asks that the Court set a trial date given that approximately seven month without scheduling a trial date is not a "reasonable period of delay." 18 U.S.C. § 3161(h)(6). The Speedy Trial Act provides "[a] reasonable period of delay when the defendant is joined for trial with co-defendants as to whom the time for trial has not run and no motion for severance has been granted." Id. Here, Mr. Doolin's co-defendants are willing to toll the Speedy Trial Clock, and thus, the co-defendants' time for trial has not run. Today, Mr. Doolin has filed the instant Motion and thus, the Court must consider what is a reasonable time for delay. "Reasonableness may [] be judged in terms of prejudice to the defendant." *United States v. Darby*, 744 F.2d 1508, 1519 (11th Cir. 1984).

4 Mr. Doolin was a firefighter/EMT in Polk County, Florida. However, as a consequence of his arrest based on events occurring on January 6, 2001, he was terminated as a firefighter/EMT. He has been employed full-time with a local bread delivery company – at a lower salary.

Here, there is prejudice to Mr. Doolin for, at least, three reasons—the Constitution, finances, and anxiety.

First, he has a constitutionally created right to a speedy trial. Section 3161 effects that right in 70 days. It has been approximately 7 months since his initial appearance in this jurisdiction. The government has taken approximately 13 months (since January 6, 2021) to create a discovery plan that has not come fully to fruition. Counsel recognizes that the government has been disclosing discovery materials through USAfx, evidence.com and relativity.com. However, ongoing logistical issues in accessing case materials through these platforms has caused considerable delays in allowing Mr. Doolin to have full access to all case materials. Consequently, Mr. Doolin sits in a discovery No Man's Land hoping the government will finally get it right as he exercises his Sixth Amendment right to a speedy trial.

Second, Mr. Doolin is prejudiced because when the government takes the liberty to call and/or label him a "January 6th rioter," he has no way to clear his name without a trial. The longer he waits the longer Mr. Doolin's reputation is savaged by the Indictment and the government's actions. This results in a soul-crushing anxiety which takes its toll on the mental health of Mr. Doolin, as well as on his family.

The hit to his reputation threatens his personal life and ability to survive by earning a decent wage. That economic threat undercuts his ability to provide for

himself and his wife, who is currently a full-time student. The longer this case goes, the worse it is for Mr. Doolin's economics and his well-being. By comparison, the government has no skin in this matter as it affects Mr. Doolin's livelihood. The government can afford to wait. Mr. Doolin cannot and each passing day creates more of a financial burden on him.

### III. There Is a Serious Risk That the Evidence of the Co-Defendant's Crimes Could Lead the Jury to Erroneously Convict Mr. Doolin.

One such serious risk occurs "when the evidence against one or more defendants is 'far more damaging' than the evidence against another defendant." *United States v. Moore*, No. 18-198 (JEB), 2021 WL 1966570, at *4 (D.D.C. May 17, 2021) (quoting *United States v. Wilson*, 605 Case 1:21-cr-00537-JMC, 7 F.3d 985, 1018 (D.C. Cir. 2010)). In such cases, "the prejudicial spillover may have deprived a defendant of a fair trial." Id. (*quoting Wilson*, 605 F.3d at 1018). The United States Court of Appeals for the D.C. Circuit has recognized that "[t]hree kinds of prejudice warrant relief under Rule 14": first, "the jury may cumulate evidence of the separate crimes"; second, "the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt"; or, third, "the defendant may become 'embarrassed or confounded' in presenting different defenses to thedifferent charges." *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968) (quoting *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)).

Here, the jury may cumulate the evidence of the separate crimes with which Mr. Doolin and his co-defendants are charged. The conduct of the co-defendant's stands in stark contrast to that of Mr. Doolin since his co-defendant's are charged with serious felonies (including assaulting police officers and acts of physical violence) while he is only charged with two misdemeanors, and neither charge alleged acts of violence.

Severance necessary when there is a 'serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. *Zafiro v. United States*, 506 U.S. 534,539,113 S. Ct. 933,112 L. Ed.2d 317 (1993).

Evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice. See *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed.2d 476 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. See, *e.g.,*

*Tifford v. Wainwright,* 588 F.2d 954 (CA5 1979) (*per curiam*). The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here. *Zafiro v. United States*, 506 U.S. 534,539,113 S. Ct. 933,112 L. Ed.2d 317 (1993).

Nevertheless, there is a strong likelihood that the jury may well use the evidence of alleged criminal activity of his co-defendants to infer a criminal disposition on the part of Mr. Doolin. The effect on the jury of the cumulative presentation of evidence arising from four (or five) defendants being tried together is more likely to prejudice Mr. Doolin compared with the negligible burden on the government and court of having separate trials. [5] And, it is submitted, curative-type instructions to the jury will not avoid the prejudice to Mr. Doolin. The U.S. Supreme Court noted that it is extraordinarily difficult for a jury to follow admonishing instructions and to keep separate evidence that is relevant only to co-defendants,

> A co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors

---

[5] Although joint trials are generally favored because of judicial economy, severance must be granted when the prejudice to the defendant outweighs the judicial economy interests of the government. *See* Wright, *Federal Practice and Procedure*: *Criminal 2d*, § 223 at 787 (1982, as amended). *See also, United States v. McManus*, 23 F. 3d 878, 882 (4th Cir. 1994)(upholding trial court's *sua sponte* severance of an eleven defendant trial into two trials for its own convenience).

> who are ready to believe that birds of a feather are flocked together. *Krulewitch v. United States*, 336 U.S. 440,454 (1949).

Severance should also be granted because Mr. Doolin would become "embarrassed and confounded" with respect to his decision to testify at trial. In *Cross v. United States*, 335 F.2d 987, 989, (D.C. Cir. 1964), the Court of Appeals stated:

> Prejudice may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly *distinct in time, place and evidence*. His decision whether to testify will reflect a balancing of several factors with respect to each count: the evidence against him, the availability of defense evidence other than his testimony, the plausibility and substantiality of his testimony, the possible effects of demeanor, impeachment, and cross-examination. But if the two charges are joined for trial, it is not possible for him to weight these factors separately as to each count. If he testifies on one count, he runs the high risk that adverse effects will influence the jury's consideration on the other count. Thus, he bears the risk on both counts, although he may benefit on only one. Moreover, a defendant's silence on one count would be damaging in the face of his express denial of the other. Thus he may be coerced into testifying on the count upon which he wished to remain silent. *emphasis added.*

This risk might be present where evidence admissible against one co-defendant, but not the other, is introduced. *Id.* In a complex case, where co-defendants have "markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* Similarly, a defendant may be prejudiced if he could not avail himself of exculpatory evidence in a joint trial that would be available were he tried alone. Without a strong showing of prejudice, severance is not justified based

on the mere disparity of the evidence adduced against individual defendants. *United States v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007)

Furthermore, a joint trial will result in the impermissible presentation of irreconcilable defenses because of post arrest statements made by some of the co-defendants to the authorities, and/or to the media and/or posted to social media. It is axiomatic that the introduction of a co-defendant's confession violates the non-confessing co-defendant's Sixth Amendment right of confrontation and cross-examination. *Bruton v. United States*, 391 U.S. 123 (1968)(admission of a co-defendant's statement implicating the defendant constituted reversible error where the co-defendant did not testify); *see also Cruz v. New York*, 481 U.S. 186(1987); *Nelson v. O'Neil*, 402 U.S. 622 (1971).

It is also believed that in a joint trial, a Bruton type situation will undoubtedly arise since any of the co-defendants may have made a confession to the authorities which, indirectly, implicate Mr. Doolin. Thus, the import of this statement implicating him are so prejudicial as to mandate severance. In this setting, the jury will be impermissibly presented with antagonistic defenses.

Mr. Doolin, moreover, may be compelled to take the stand to explain away the incriminating statement(s) of his co-defendant(s). Consequently, a joint trial replete with conflicting defenses will deny him a fair trial. This conflict in defenses will confuse the jury and, consequently, the jury would be unable to make

individual determinations about the guilt or innocence of each defendant. *United States v. Bright*, 630 F. 2d 804, 813 (5th Cir. 1980). Also, the jury should not be asked to resolve issues of guilt or innocence on the basis of believing one defense over another defense. *United States v. Romanello*, 726 F.2d 173 (5th Cir. 1984).

The anticipated antagonism, among co-defendants, will mislead or confuse the jury, *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980), and, moreover, acceptance of one defendant's defense may preclude acquittal of Boyd. *See United States v. Ziperstein*, 601 F.2d 281, 285 (7th Cir. 1979), *cert. denied*, 444 U.S. 1031 (1980).

The apparent conflict among defenses, "... is so prejudicial that defenses are irreconcilable, and that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *United States v. Haldeman*, 559 F.2d 31, 71 (D.C. Cir. 1976), *cert. denied*, 431 U.S. 933 (1977); *See also United States v. Ehrlichman*, 546 F.2d 910 (D.C. Cir. 1976), *cert. denied*, 429 U.S. 1120 (1977); *United States v. Robinson*, 432 F.2d 1348, 1351 (D.C. Cir. 1970). Although "redaction" or "sanitization" may, in some circumstances, vitiate the need for a severance, this method is inappropriate in this case. *See Richardson v. Marsh*, 107 S. Ct. 1703 (1987). Simple deletion of names or references to another person is not sufficient to avoid a *Bruton* problem. *See Serio v. United States*, 131 U.S. App. D.C. 38, 401 F. 2d 989 (1968).

In *United States v. Tootick*, 952 F.2d 1078 (9th Cir. 1991) the Ninth Circuit reversed the defendants' convictions due to the district court's failure to sever the two defendants. Defendants Tootick and Frank were jointly tried on charges of assault resulting in serious bodily injury. Each defendant contended that the other was solely responsible for the crime, a stabbing. Although only defendant Frank testified, both defendant Frank and defendant Tootick advanced their theories through the arguments of counsel, and their respective examinations.

In *Tootick*, the defendants' mutually exclusive defenses had "the effect" of [bringing] a second prosecutor into the case with respect to their co-defendant." *Id*. at 1082. By acting as a "second prosecutor" as to each co-defendant, the defendants' attorneys conferred a tremendous advantage upon the prosecution.

> The government's case becomes the only unified and consistent presentation. It presents the jury with a way to resolve the logical contradiction inherent in the defendants' positions. While the defendants' claims contradict each other, each claim individually acts to reinforce the government's case. The government is further benefitted by the additive and profound effects of repetition. Each important point the government makes about a given defendant is echoed and reinforced by the co-defendant's counsel. *Id.*

Because the defendants' trial under these convictions resulted in "manifest prejudice," the Ninth Circuit reversed each defendant's conviction. *Id.* at 1083. In the a joint prosecution of all co-defendants, there is a high likelihood of antagonistic defenses. In short, Mr. Doolin and his co-defendants, like the

defendants in *Tootick*, will almost certainly rely upon the defense that another person is responsible and this "manifest prejudice' may only be avoided through a severance of Mr. Doolin from the trial of his co-defendants.

Severance is necessary because other mechanisms, such as limiting instructions to the jury, may not, in fact, eliminate the prejudice. *Sims v. United States*, 132 U.S. App. D.C. 111, 405 F.2d 1381 (1968)(Repeated instructions by the court to disregard the extrajudicial statements of co-defendant requires severance); *See Blumenthal v. United States*, 332 U.S. 539, 559-60 (1947); Fed. R. Crim. P. 14 advisory committee's note (1966 amendment). Moreover, conventional wisdom that such prejudice can be avoided by cautionary instructions to the jury does not square with reality. *United States v. Gambrill*, 146 U.S. App. D.C. 72, 449 F.2d 1148 (1971); *See*, cases cited at 1 C. Wright, Federal Practice and Procedure, Criminal 2d. § 224, p.814, n. 12 (1982, as amended).

Furthermore, the prejudice to Mr. Doolin, inherent in a joint trial, far outweighs any considerations of judicial economy. It has been observed that, "courts have greatly exaggerated the supposed efficiencies of joint trials while grossly underestimating the impediments joint trials pose to fair and accurate determinations of individual guilt or innocence." Dawson, *Joint Trials of Defendants in Criminal Cases: An Analysis of Efficiencies and Prejudices*, 77 U. Mich. L. Rev. 1379, 1381 (1979).

Finally, severance is so crucial that once a motion to sever is made, the court is under a "continuing duty at all stages of the trial to grant severance if the prejudice does appear." *United States v. Mardian*, *supra*, 546 F.2d at 979; *accord Schaffer v. United States*, 362 U.S. 511 (1960).

**CONCLUSION**

Fed. R. Crim. P. Rules 8 and 14(a) safeguard defendants from the prejudicial effects of joined offenses. Rule 8 insures that mis-joinder does not happen, and Rule 14(a) provides relief where mis-joinder does occur or where prejudice to a defendant is so great that severance is the appropriate remedy. The Indictment breaches the safeguards of Rule 8 and demands relief pursuant to Rule 14(a).

Furthermore, a joint trial violates Mr. Doolin's Sixth Amendment Right to a Speedy Trial and there is a serious risk that the evidence of the co-defendant's felonious crimes will lead the jury to erroneously convict Mr. Doolin, who is only charged with two misdemeanors.

Defendant, by counsel, requests a hearing on this motion.

WHEREFORE for the foregoing reasons and such other reasons that may appear just and proper, defendant Joshua Christopher Doolin, respectfully requests that his motion for a trial severance be granted.

Respectfully Submitted,

Allen H. Orenberg
Digitally signed by Allen H. Orenberg
Date: 2022.02.10 15:56:23 -05'00'

Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Fax No. (301) 984-8008
Cell-Phone (301-807-3847)
aorenberg@orenberglaw.com
Counsel for Mr. Joshua C. Doolin

Dated: February 10, 2022