IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 1:21-cr-00447-CJN-03 |
| | : | |
| JOSHUA CHRISTOPHER DOOLIN, | : | |
| et al. | : | |

DEFENDANT JOSHUA CHRISTOPHER DOOLIN'S
MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION
OF ANY EVIDENCE OR TESTIMONY REGARDING  WEAPONS
AMMUNITION AND BODY ARMOR, WITH  INCORPORATED
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

COMES NOW Defendant, Joshua Christopher Doolin, by and through undersigned counsel, hereby respectfully moves this Honorable Court, *in limine*, for the entry of an Order precluding the government from introducing at trial any evidence (including text messages) or testimony regarding weapons and/or ammunition and/or body armor.

As grounds, the following is stated:

**I.      <u>BACKGROUND</u>**

A jury trial is scheduled for September 12, 2002.

Mr. Doolin was initially charged in an Indictment (Doc. 8) with violations of 18 U.S.C. § 1752(a)(1) - Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority (Count 16), and 18 U.S.C. §1752(a)(2) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds. (Count 17) Both charges are misdemeanors.

On July 13, 2022, a Superseding Indictment (Doc. 116) issued alleging three additional violations of federal criminal law: Count 16 – Theft in a Federal Enclave, alleging a misdemeanor violation of 18 U.S.C. § 661, Count 17 – Theft of Government Property, alleging a misdemeanor violation of 18 U.S.C. § 64, 1and Count 18, alleging a felony violation of 21 U.S.C. § 231(a)(3) – Civil Disorder.

Mr. Doolin is not charged with any offenses relating to the subject weapons, ammunition or body armor.

It is expected the government may seek to introduce evidence and/or testimony relating to any weapons and/or ammunition and/or body armor.

First, the government may seek to introduce certain text messages which Mr. Doolin exchanged with another individual ("Individual-1") regarding plans to travel to Washington, D.C. prior to January 6, 2021:

| Date and Time | Participant | Message |
| --- | --- | --- |
| 04 Jan 2021 23:06:20 | Individual-1: | R u going to DC tomorrow ? |
| 04 Jan 2021 23:09:13 | Individual-1: | Anyone want to go to Washington DC tomorrow to the Trump Rally? |
| 04 Jan 2021 23:20:15 | Doolin: | Thinking about it still not 100% |

| | | |
|---|---|---|
| 04 Jan 2021 23:26:35 | Individual-1: | Ok<br>I decided I'm going<br>I went & told my boss I'm taking off<br>I dont know but this could be a turning point for our country.<br>Maya flash in the pan !<br>Or maybe a day to remember hopefully where millions show up ! & actually makes something change.<br>There's no way to lol<br><br>Should I ask POTUS Trump to meet us ???? ???? |
| 04 Jan 2021 23:27:15 | Individual-1: | If u do bring a jacket |
| 04 Jan 2021 23:27:28 | Individual-1: | I've got $ |
| 05 Jan 2021 05:07:44 | Doolin: | I guess I'm going to go bring my-your AR |
| 05 Jan 2021 05:09:33 | Individual-1: | Put it in a case for travel<br>If y'all join up with a group like the proud boys y'all might be able to open carry.<br>Do u have Ammo<br>I didn't know I got another At |
| 05 Jan 2021 05:10:05 | Doolin: | Another what? |
| 05 Jan 2021 05:10:13 | Doolin: | No but Jonny will have mags |
| 05 Jan 2021 052:10:38 | Doolin: | I heard the leader of the proud boys got arrested as soon as he got off the plane |
| 05 Jan 2021 05:11:12 | Individual-1: | Ar not At |

It is believed the government may seek to introduce testimony that the mention (through texting) of "AR" is a reference to an AR-15 rifle. And, moreover, that the mention of "ammo" and "mags" refers to ammunition.

Second, the government may seek to introduce evidence and/or testimony that an AR-15 rifle, and/or an airsoft pistol and/or body armor was recovered from

the home of Mr. Doolin during the execution of a search warrant on December 2, 2021.

Mr. Doolin moves, *in limine*,  for the entry of an Order precluding the government from introducing at trial any evidence (including text messages) or testimony regarding the subject weapons and/or ammunition and/or body armor.

## II.     Pursuant to Federal Rule of Evidence 403, the Government Should be Precluded from Introducing at Trial  Any Evidence or Testimony Regarding Weapons, Ammunition or Body Armor.

Rule 403 of the Federal Rules of Evidence instructs otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by … needless presentation of cumulative evidence." Fed. R. Evid. 403.

In *United States v. Appiah*, Crim. Action. No. 19-361 (BAH), 2020 US Dist. LEXIS 111901, 2020 WL 3469688, Chief Judge Beryl A. Howell of this Court had occasion to consider an in *limine* motion to exclude text messages. Chief Judge Howell admitted the subject text messages, but she provides guidance on how to conduct a Rule 403 analysis (after considering the application of Rule 404(b)):

> "That evidence withstands scrutiny under Federal Rule of Evidence 404(b) does not mean it must be admitted, however, as it may nonetheless be excludable under Federal Rule of Evidence 403. That rule explains that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative [*19]  evidence." FED. R. EVID. 403. Notably, Rule 403 renders

relevant evidence inadmissible only upon a showing that it presents a risk of "unfair prejudice," i.e. prejudice that is "compelling or unique," United States v. Mitchell, 49 F.3d 769, 777, 311 U.S. App. D.C. 35 (D.C. Cir. 1995) (quoting United States v. Washington, 969 F.2d 1073, 1081, 297 U.S. App. D.C. 73 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis," United States v. Ring, 706 F.3d 460, 472, 403 U.S. App. D.C. 410 (D.C. Cir. 2013) (quoting FED. R. EVID. 403, Advisory Committee's Note to 1972 Proposed Rules). Moreover, the danger of any potential unfair prejudice must substantially outweigh the evidence's probative value in order to exclude evidence under Rule 403.

In undertaking the 403 analysis, the district court must "take account of the full evidentiary context of the case as the court understands it when the ruling must be made." Old Chief, 519 U.S. at 182. A calculation of the probative value and risk of prejudice is thus "affected by the scarcity or abundance of other evidence on the same point." Id. at 185 (quoting 22 C. WRIGHT & K. GRAHAM, FED. PRACTICE AND PROCEDURE § 5250, 546-47 (1978)). That is, when there is "less risky alternative proof going to the same point," the probative value of evidence that presents a greater danger of unfair prejudice may be "discount[ed]." Id. at 183. Given the trial court's familiarity with this full evidentiary context, district judges generally have "broad discretion to weigh the extent of potential [*20] prejudice against the probative force of relevant evidence." Athridge v. Aetna Cas. & Sur. Co., 604 F.3d 625, 633, 390 U.S. App. D.C. 317 (D.C. Cir. 2010) (quoting Fredrick v. District of Columbia, 254 F.3d 156, 159, 349 U.S. App. D.C. 79 (D.C. Cir. 2001))."

Id.

Furthermore, the Advisory Committee's Note, Fed. R. Evid. Rule 403, "[u]nfair prejudice" is defined as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

Even though Chief Judge Howell was considering the introduction of certain text messages, her analysis may be equally applied when this Court considers

whether or not to exclude evidence and testimony relating to the items seized from Mr. Doolin's residence on December 2, 2021.

Mr. Doolin acknowledges this Court has the power to issue a curative instruction which can direct the jury to view the evidence which can, in certain circumstances, obviate the prejudice. However, here, it is hard to imagine an adequate limiting instruction to erase the inflammatory images of and/references to an AR-15 weapon and Airsoft pistol, ammunition, or body armor. Furthermore, there is a distinct danger that the cumulative effect of any mention of these text messages and/or items will evoke an emotional response far exceeding the probative value of the evidence. With such cumulative evidence, there is no conceivable instruction that would erase prejudicial effect of such evidence and/or testimony, and will cause the jury not act on the evidence which is material to the indicted charges, but on the emotional response to the evidence / testimony of the weapons, ammunition and body armor.

**WHEREFORE**, Mr. Joshua Christopher Doolin, by counsel, respectfully requests that the Court grant this *in limine* motion and exclude from the trial of this matter any evidence (including text messages) or testimony regarding regarding weapons and/or ammunition and/or body armor, on the basis that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice pursuant to Fed. R. Evid. 403.

Respectfully submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Fax No. (301) 984-8008
Cell-Phone (301) 807-3847
aorenberg@orenberglaw.com
Counsel for Joshua C. Doolin

Dated: July 24, 2022