UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | No. 1:21-cr-00447-CJN-03 |
| : | |
| JOSHUA CHRISTOPHER DOOLIN, : | |
| : | |
| Defendant. : | |

DEFENDANT'S RESPONSE TO UNITED STATES'
MOTION *IN LIMINE* TO PRECLUDE CERTAIN
DEFENSE ARGUMENTS AND EVIDENCE (DOC. 125)

Defendant, Joshua Christopher Doolin, by and through undersigned counsel, submit this Response in Opposition to United States' consolidated motion *in limine*. (Doc. 125) The motion seeks to preclude Defendant from presenting 5 categories of evidence at trial, or during voir dire. As discussed below, the Government's motion should be denied in its entirety.

LEGAL STANDARD

"While neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for motions *in limine*, the Court may allow such motions 'pursuant to the district court's inherent authority to manage the course of trials.'" *Barnes v. District of Columbia*, 924 F. Supp. 2d 74, 78 (D.D.C. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). "Motions *in limine* are designed to narrow the evidentiary issues at trial." *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). "[T]he trial judge's discretion

1

extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." *Chapin St., LP v. PNC Bank, N.A.*, No. 08-cv-01532, 2012 WL 13225423, at *1 (D.D.C. Aug. 14, 2012). Still, such "pre-trial ruling[s], if possible, may generally be the better practice, for it permits counsel to make the necessary strategic determinations" prior to trial. *United States v. Jackson*, 627 F.2d 1198, 1209 (D.C. Cir. 1980). However, "a motion *in limine* should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).

"In evaluating the admissibility of proffered evidence on a pretrial motion *in limine* the court must assess whether the evidence is relevant and, if so, whether it is admissible, pursuant to Federal Rules of Evidence 401 and 402." *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 66 (D.D.C. 2014). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." *Fed. R. Evid. 401*. Under Rule 402, only relevant evidence is admissible. *Fed. R. Evid. 402*. Relevant evidence may still be excluded by a court if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid. 403*.

A two-pronged test determines whether evidence of "other acts" is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other

than character." *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990); *see also United States v. Douglas*, 482 F.3d 591, 596 (D.C. Cir. 2007) ("A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity [to commit crime]? If yes the evidence is admissible unless excluded under other rules of evidence"). Second, the evidence is subject to the balancing test of Rule 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. Miller, 895 F.2d at 1435; *see also United States v. Lerma-Plata*, 919 F. Supp. 2d 152, 156 (D.D.C. 2013). *United States of America, V. Kyle Fitzsimons*, 2022 WL 1744483 (D.D.C.).

## ARGUMENT

1. **This Court Should Deny the Governments Request to Preclude the Defendant from Arguing Entrapment by Estoppel, i.e., that Former President Trump Gave Permission to Attack the United States Capitol.**

As quoted above, "a motion *in limine* should not be used to resolve factual disputes or weigh evidence." Factual questions are not to be resolved through motions *in limine*, nor is motion *in limine* a "vehicle for a party to ask the Court to weigh the sufficiency of evidence." *Graves v. D.C.*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011). Instead, parties should target their arguments to demonstrating why certain items or categories of evidence should (or should not) be introduced at trial, and direct the trial judge to specific evidence in the record that would favor or disfavor the introduction of those particular items or categories of evidence. *Id.* (quoting U.S. ex rel. El–Amin v. George Washington Univ., 533 F.Supp.2d 12, 19 (D.D.C.2008).

than character." *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990); *see also United States v. Douglas*, 482 F.3d 591, 596 (D.C. Cir. 2007) ("A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity [to commit crime]? If yes the evidence is admissible unless excluded under other rules of evidence"). Second, the evidence is subject to the balancing test of Rule 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. Miller, 895 F.2d at 1435; *see also United States v. Lerma-Plata*, 919 F. Supp. 2d 152, 156 (D.D.C. 2013). *United States of America, V. Kyle Fitzsimons*, 2022 WL 1744483 (D.D.C.).

## ARGUMENT

1. **This Court Should Deny the Governments Request to Preclude the Defendant from Arguing Entrapment by Estoppel, i.e., that Former President Trump Gave Permission to Attack the United States Capitol.**

As quoted above, "a motion *in limine* should not be used to resolve factual disputes or weigh evidence." Factual questions are not to be resolved through motions *in limine*, nor is motion *in limine* a "vehicle for a party to ask the Court to weigh the sufficiency of evidence." *Graves v. D.C.*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011). Instead, parties should target their arguments to demonstrating why certain items or categories of evidence should (or should not) be introduced at trial, and direct the trial judge to specific evidence in the record that would favor or disfavor the introduction of those particular items or categories of evidence. *Id.* (quoting U.S. ex rel. El–Amin v. George Washington Univ., 533 F.Supp.2d 12, 19 (D.D.C.2008).

Following the standard of evaluating the admission of evidence on a pretrial motion *in limine*, a court must look to relevancy and Rules 401 and 402. Even if the facts are what the government alleges, Defendant likely has a viable defense. In *United States v. Chrestman*, the elements for are a successful entrapment-by-estoppel claim were discussed by the court: "a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (Howell, C.J.) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In the Government's own motion, they point to the defendant's belief that he was not trespassing on January 6, 2021. As discussed in *Chrestman,* if a federal official directs or permits a citizen to perform an act, the federal government cannot punish that act under the Due Process Clause. Therefore, any evidence that has any tendency to make this potential authorization by Former President Trump, which is a fact of consequence, more or less probable than it would without the evidence is relevant. By requesting an outright bar to the entire potential avenue of defense, the Government is improperly asking the court to use this motion *in limine* to

resolve factual disputes or weigh evidence. Consequently, the Defendant respectfully requests this Court to deny this request.

### 2. This Court Should Deny the Request to Preclude the Defendant from Arguing in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial.

*Voir Dire* of jurors is one of the most significant mechanisms by which an impartial jury is secured. This mechanism serves a three-fold purpose: (1) to determine whether they meet statutory qualifications, (2) to determine the existence of a bias which would subject a prospective juror to challenge for cause, and (3) to provide the information necessary to make an intelligent use of peremptory challenges. *2 C. Wright Federal Practice and Procedure §382* (1969). The Government's request to limit any manner of argument that could result in jury nullification would essentially eliminate purposes 2 and 3.

Here, the Government points to a now defunct fund-raising page and correctly states that the Defendant has not made such a claim to challenge the indictment. There motion does not seek to limit any specific category of evidence and points to nothing to broadly limit any manner of argument regarding that could potentially lead to jury nullification would not only defeat the primary purpose of voir dire, but severely limits the defenses counsel's ability to provide adequate representation. Motions *in limine* that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir. 1975).

### 3. This Court Should Deny the Request to Preclude the Defendant From Arguing Self-Defense or Defense of Others

The government seeks to preclude the defense from offering evidence of self-defense or defense of others, on the ground that the defense "will not be able to present any evidence of a reasonable belief that his actions were necessary to defend himself against the immediate use of unlawful force." Doc. 125 at 6.

This request is premature. The Federal Rules of Criminal Procedure require defendants to provide notice of certain defenses "within the time provided for filing a pretrial motion," but self-defense is not among them. *See* Fed. Rs. Crim. P. 12.1, 12.2, 12.3. At this stage, Defendant cannot be expected to anticipate and litigate every defense the evidence might support.

Nothing in the law requires the defense to disclose its trial strategy at this point and under these circumstances. The government cites out-of-circuit authority about other affirmative defenses for the proposition that the defense must "proffer legally sufficient evidence" of self-defense or defense of others in order to rely on the defense. *See* Doc. 125 at 6 (citing authority from the Ninth Circuit). Although these opinions arose from government motions *in limine*, they did not hold that a defendant must give notice of intent defend himself on self-defense or defense of others grounds at the pre-trial stage.

### 3(a). Self-Defense.

The Government's motion suggests that there is no way that Defendant can establish that he had a reasonable belief that any of his actions were necessary to

6

defend himself against unlawful force at any individual point on January 6. The Government relies on evidence it intends to offer to show that Defendant "push[ed] forward and inside the Capitol." Doc. 125 at 7. However, this alleged evidence, if available, would not preclude evidence that he was met with unlawful force at any particular point. And the Government does not even claim that it does. It merely argues that its expected evidence will "undermine" and "belie" any claim of self-defense he may make. *Id.* These are closing arguments, not grounds to preclude a defense, particularly this early.

**3(b). Defense of Others.**

The right to defense of a third person is analogous to the right of self-defense, and like self-defense, can provide a complete defense to criminal charges. Specifically, "[e]very person has the right to use a reasonable amount of force in defense of another person if (1) he actually believes that the other person is in imminent danger of bodily harm and if (2) he has reasonable grounds for that belief*." Criminal Jury Instructions for the District of Columbia ("Redbook")*, No. 9.510, Defense of a Third Person (5th ed. rev. 2014). As with self-defense, the reasonableness of a defendant's belief in the need to use force in defense of another must be assessed "under the circumstances as they appeared to *him* at the time of the incident." (emphasis added) *Id.* Once there is evidence of defense of a third person, the government bears the burden to prove beyond a reasonable doubt that the defendant "did not act in the defense of another person." *Id.*

7

This Court has recently described the "Redbook" in *United States v. Slatten* as "ubiquitous […], time-tested compendium of D.C. criminal jury instructions relied on by judges, prosecutors and defense attorneys alike." *United States v. Slatten*, 395 F. Supp. 3d 45, 112 (D.D.C. 2019). The comments in the "Redbook" cite the following: "[W]hen it comes to determining whether—and to what degree—force is reasonably necessary to defend a third person under attack, the focus ultimately must be on the intervenor's, not the victim's, reasonable perceptions of the situation." *Fersner v. U.S.,* 482 A.2d 387, 392–93 (D.C. 1984). *See also Lee v. U.S.*, 61 A.3d 655, 660 (D.C. 2013) ("the focus of the inquiry is on the defendant's reasonable perceptions of the situation, not those of the third party" (quotations omitted)); *Jones v. U.S.*, 555 A.2d 1024, 1027–28 (D.C. 1989) (finding defendant entitled to defense of third person instruction in assault on police officer prosecution where some evidence supported defendant's perception that force was necessary to protect a stranger who appeared to be victim of street robbery); *Graves v. U.S.*, 554 A.2d 1145, 1147–49 (D.C. 1989) (finding defendant entitled to defense of third person instruction based on defendant's perception that his wife was in imminent danger of bodily harm).

Moreover, under the Model Penal Code §3.05, the use of force to protect a third person is available when: "(a) the actor would be justified under §3.04 in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect; and (b) *under the circumstances as the actor believes them* to be, the person whom he seeks to protect would be justified in using such

protective force; and (c) the actor believes that his intervention is necessary for the protection of such other person." (emphasis added). §3.05. Use of Force for the Protection of Other Persons, Model Penal Code § 3.05. Additionally under subsection 2 of §3.05, an actor is not required to retreat before using force for the protection of another, *unless he knows that he can thereby secure the complete safety of such other person.* (emphasis added). *Id.* [1]

"Once a defendant presents *any* evidence that he acted in self-defense, the government assumes the burden of proving beyond a reasonable doubt that he did not." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018). The analguous nature of self-defense and defense of others would apply to this statement as well. The defense plans to admit evidence or testimony that Defendant was acting in self-defense or defense of others. It is the Government's burden to prove he did not. The Government's premature motion is again masquerading as an attempt to get this Court to weigh evidence or settle factual disputes. For these reasons, this Court should deny the request.

4. **This Court Should Deny the Request to Preclude the Introduction of Character Evidence Relating to the Defendant's Employment as Firefighter or Emergency Medical Technician**

Under Rule 404(a), "in a criminal case, evidence of a pertinent trait of character [may be] offered by an accused." Fed. R. Evid. 404(a)(1). However, unless the case is one "in which character or a trait of character of a person is an essential element of

---

[1] Counsel is presenting both the Redbook & Model Penal Code instructions only for purposes of this response to the government's motion *in limine*. Counsel expects to presents an appropriate proposed jury instruction at the appropriate time during the trial.

a charge, claim, or defense," in which case a defendant may provide proof of "specific instances of that person's conduct," see Fed. R. Evid. 405(b), a defendant may only offer character evidence via opinion or reputation testimony. *United States v. Brown*, 503 F. Supp. 2d 239, 241 (D.D.C. 2007).

Peacefulness and non-violence are essential elements to the defense of self-defense or defense of others. "When a person's character or character trait is an essential element of a […] defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). Defendant intends to elicit examples of his career as an EMT and firefighter to demonstrate Defendant's character traits of protective non-violence and peacefulness. While it is agreed that character evidence purely offered to prove Defendant's general good character should be excluded, the Government's contention ignores the fact that this character evidence is an essential element of a defense. Rule 405(b) permits this character evidence to be "proved by relevant specific instances of the person's conduct which may include any awards and commendations he received in his employment.

5. **This Court Should Deny the Request to Preclude the Introduction of the Defendant's Culpability Relative to Co-defendants or Other Acts of "Good Conduct" by the Defendant on January 6, 2021**

As referenced in the Government's motion, the defendant's co-defendants allegedly engaged in several assaults on law enforcement officers on January 6, 2021, in which the defendant did not himself participate. Further, during his post-arrest interview, the defendant informed FBI agents that he and several other

individuals formed a wall around a police officer who had been dragged into the crowd in order to protect the officer and that the defendant believed he may have saved the officer's life. The Government asks the Court to preclude any argument that the defendant's lack of additional criminal conduct […] or allegedly helpful acts negate his criminal conduct.

However, the Court should deny this request as stated above, Defendant intends to assert that his actions were in the either self-defense or the defense of others. As the Court in *Douglas* states: "A proper analysis under Rule 404(b) begins with the question of relevance: is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity [to commit crime]?". *Douglas* at 596. Coming to the defense of another during the chaos of the riots has the tendency to it more probable that Defendant was acting in self-defense or defense of others. Therefore, Defendant's specific act of protecting the officer is connected and relevant and probative to the issues of this case.

The second question to ask under this analysis is does the evidence pass the balancing test of Rule 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. The Government argues that introduction of this evidence would confuse the jury. Given that this act is probative to a potential defense and is connected to the issues of the case, asking the jurors to weigh this in considering whether Defendant acted with a reasonable belief would is not only proper, but does not "carry any unnecessar[y] risk of distracting the jury." Doc. 125 at 11.

## CONCLUSION

WHEREFORE, for the foregoing reasons and such other reasons that may appear just and proper, Mr. Doolin requests this Court to deny the government's motion *in limine* (Doc. 125) in its entirety.

Defendant, by counsel, requests a hearing on this motion.

Respectfully Submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Fax No. (301) 984-8008
Cell-Phone (301-807-3847)
aorenberg@orenberglaw.com
Counsel for Mr. Joshua C. Doolin

Dated: August 5, 2022