UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21 Cr. 447 (CJN) |
| | : | |
| JOSHUA CHRISTOPHER DOOLIN, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO
GOVERNMENT'S MOTION IN LIMINE REGARDING
AUTHENTICATION OF CERTAIN VIDEO EVIDENCE

The United States of America submits this reply to Defendant's response (ECF No. 135) to the Government's Motion in Limine Regarding the Authentication of Certain Video Evidence (ECF No. 126-1).

In its motion in limine, the Government proffered a basis for a *prima facie* showing of authenticity with respect to certain open source videos pursuant to Federal Rule of Evidence 901, that is, through "comparison of an authenticated specimen by . . . the trier of fact." Fed. R. Evid. 901(b)(3). Defendant opposes, on the grounds that the Government has not "supported the circumstantial evidence [it] claim[s] to possess." (ECF No. 135 at 3.) Yet, the Government's motion does just that: It offers several distinctive comparison points between footage it expects to be authenticated at trial – United States Capitol Police ("USCP") surveillance footage and Metropolitan Police Department ("MPD") body-worn camera footage – and the open source video it will seek to introduce into evidence. *See* ECF No. 126-1 at 11-13; *see also United States v. Farrad*, 895 F.3d 859, 878 (6th Cir. 2018) ("importantly, the photos appeared to show [the defendant], his tattoos, and (perhaps most probatively) distinctive features of [the defendant's] apartment").

1

Rather than engage with the Government's motion substantively, the Defendant instead discusses "deep fake" technology and the general ability to alter video. While the Government does not dispute that such technology exists, Defendant's argument goes to the weight of the video evidence, not its admissibility. *See Farrad*, 895 F.3d at 878 (questions regarding photographs that had been obtained from social media site "were not so glaring as to prevent the photos from clearing the relatively lower hurdle of authentication"); *Taylor v. Sullivan*, No. 18 CV 0637 (MCE) (EFB), 2019 WL 1923193, at *8 (E.D. Cal. Apr. 30, 2019) ("In making the initial authenticity determination, the court need only conclude that a prima facie showing has been made that the photograph is an accurate representation of what it purports to depict. The ultimate determination of the authenticity of the evidence is for the trier of fact, who must consider any rebuttal evidence and balance it against the authenticating evidence in order to arrive at a final determination on whether the photograph, in fact is authentic.") "The court must admit the evidence if sufficient proof has been introduced to support a finding that the fact does exist, and in spite of any issues the opponent has raised about flaws in the authentication (which only go to the weight of the evidence instead of its admissibility). *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) (internal citations and quotation marks omitted). *See also United States v. Khatallah*, 41 F.4th 608 (D.C. Cir. 2022) ("in deciding the telephone records' admissibility, the question is not whether the government conclusively proved their authenticity. It is only whether the government's showing 'permit[ted] a reasonable juror to find that the evidence is what its proponent claims.'" (quoting *United States v. Blackwell*, 694 F.2d 1325, 1330 (D.C. Cir. 1982)).

For the reasons stated herein and in the Government's Motion in Limine, the United States respectfully requests that this Court rule *in limine* that the Government's video evidence from non-UCSP or -MPD sources satisfies the authenticity requirement of Fed. R. Evid. 901 (ECF No. 126-1).

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney

By:    */s/ Benet J. Kearney*
        BENET J. KEARNEY
        Assistant United States Attorney
        New York Bar No. 4774048
        1 Saint Andrew's Plaza
        New York, New York 10007
        Benet. Kearney@usdoj.gov
        (212) 637-2260

        */s/ Matthew Moeder*
        MATTHEW MOEDER
        Assistant United States Attorney
        Missouri Bar No. 64036
        400 East 9th Street, Room 5510
        Kansas City, Missouri 64106
        Matthew.Moeder@usdoj.gov
        (816) 426-4103

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 12, 2022, I caused a copy of the foregoing motion to be served on attorney of record via email and the Court's electronic filing system.

                                    */s/ Matthew Moeder*
                                    Matthew Moeder
                                    Assistant United States Attorney