UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21 Cr. 447 (CJN) |
| | : | |
| JOSHUA CHRISTOPHER DOOLIN, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO
UNITED STATES' MOTION IN *LIMINE* TO PRECLUDE
CERTAIN DEFENSE ARGUMENTS AND EVIDENCE**

The United States of America submits this reply to Defendant's response (ECF 134) to the Government's Motion in Limine to preclude certain defense arguments and evidence at trial (ECF 125).

1. **This Court Should Preclude the Defendant from Arguing Entrapment by Estoppel, i.e., that Former President Trump Gave Permission to Attack the United States Capitol**

Despite his own reliance on *United States v. Chrestman*, where Chief Judge Howell denied rejected entrapment-by-estoppel defense, the defendant maintains that he should be allowed to rely on such a defense. "To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (Howell, C.J.) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

For the reasons set forth in the Government's original motion in limine (ECF 125, at 2-4), the defendant should be precluded from raising such a defense. In addition to not being able to satisfy the fourth prong regarding the defendant's reasonable reliance, he "certainly cannot satisfy the first prong, that the former president "actively misled him about the state of the law." *United States v. Grider*, 21 Cr. 022 (CKK), 2022 WL 3030974, at *3 (D.D.C. Aug. 1, 2022). The defendant, like the defendant in *Grider*, has not identified any statements by the former president that "obstructive trespass on Capitol grounds was lawful." *Id*. at 4. And even if the defendant had identified statements, the former president cannot "waive statutory law" or immunize individuals from criminal liability. *Id*., *see Chrestman*, 525 F. Supp. 3d at 33.

2. **This Court Should Preclude the Defendant from Arguing in a Manner That Encourages Jury Nullification, Whether During *Voir Dire* or During Trial**

As the Government established in its original motion in limine, the law is clear that

> A jury has no more "right" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983). *See* ECF 125 at 4. Although the Defendant asserts that precluding him from making arguments encouraging jury nullification would interfere with his ability to determine whether to challenge a juror for cause or to exercise a peremptory challenge to dismiss that juror (ECF 134 at 5), he does not explain how it would do so. For the reasons set forth in the Government's original motion in limine (ECF 125, at 4-5), the defendant should be precluded from encouraging jury nullification.

3. **This Court Should Preclude the Defendant from Arguing Self Defense or Defense of Others**

Without presenting any proffered evidence, the defendant asserts that he intends to raise self-defense or defense of others at trial. If the defendant cannot proffer legally sufficient evidence to support this affirmative defense, he is not entitled to present evidence to support such a defense at trial.

The defendant has the initial burden of production to raise a self-defense claim. *United States v. Branch*, 91 F.3d 699, 712 (5th Cir. 1996). Only after the burden of production has been established does the Government have the burden to disprove self-defense beyond a reasonable doubt. *Id*. The Government is under no duty to affirmatively produce evidence to refute the self-defense claim. *Id*. To establish the initial burden of production, "there must be evidence sufficient for a reasonable jury to find in [the defendant's] favor." *Mathews v. United States*, 485 U.S. 58, 63 (1988). At this time, the defendant has failed to present any evidence that would support his burden.

Even if the defendant was able to provide evidence, it is unlikely that the proffered facts would be sufficient. In *Branch*, defendants were prohibited from asserting self-defense and were denied a corresponding jury instruction at a trial where the defendants were charged with several criminal offenses related to the deaths of federal law enforcement officers who were tasked with executing a search warrant. The reasoning would apply to a similar defense presented by this defendant in this case:

> It is true, as a general proposition, that self-defense and the related defense of another are affirmative defenses to both murder and voluntary manslaughter. However, these general principles must accommodate a citizen's duty to accede to lawful government power and the special protection due federal officials discharging official duties. *See United States v. Feola,* 420 U.S. 671, 679, 95 S.Ct. 1255, 1261, 43 L.Ed.2d 541 (1975). "We do not need citizen avengers who are authorized to respond to unlawful police conduct by gunning down the

offending officers." *United States v. Johnson,* 542 F.2d 230, 233 (5th Cir.1976). Other, non-violent remedies are available. *Id.*

*Branch*, 91 F.3d 699 at 714.

Further the defendant will not be able to present sufficient evidence to be entitled to a self-defense justification. To allow a self-defense claim, the record must reflect that "(1) there was an actual or apparent threat to the defendant; (2) the threat was unlawful and immediate; (3) the defendant honestly and reasonably believed that he was in imminent danger of death or serious bodily harm; and (4) the defendant's response was necessary to save himself from danger." *Hernandez v. United States*, 853 A.2d 202, 205 (D.C. 2004). However, a defendant cannot claim self-defense if he was the aggressor or provoked the conflict. *Richardson v. United States*, 98 A.3d 178, 187 (D.C.,2014); *see also United States v. Purvis*, 706 F.3d 520, 522 (D.C.Cir. 2013)

The lack of evidence and defendant's actions on January 6 preclude him from raising self-defense.

4. **This Court Should Preclude the Introduction of Character Evidence Relating to the Defendant's Employment as Firefighter or Emergency Medical Technician**

In its motion in limine, the Government seeks to prohibit the defendant from improper character evidence relating to his previous career. (ECF 125 at 7-9). The defendant opposes the motion and intends to introduce character evidence, which will include "examples of his career as an EMT and firefighter to demonstrate [his] character traits of protective non-violence and peacefulness." (ECF 134 at 10). The defendant relies on Rule 405(b), which allows admission of specific instances of a defendant's conduct when "character or a trait of character of a person is an essential element of a charge, claim, or defense." *see* Fed.R.Evid. 405(b). The defendant claims that peacefulness and non-violence are essential elements of self defense or defense other others. (ECF 134 at 10).

The defendant's reliance on Rule 405(b) as an avenue to admit character evidence is misplaced. Rule 405(b) only allows specific instances of character evidence if it is an essential element of a charge or defense. A defendant's peacefulness is not an essential element of a self-defense claim. In fact, none of a defendant's characteristics are elements of such a defense. The central inquiry when assessing a claim is if the defendant had a reasonable belief that his actions were necessary to defend himself, not his character.

Further, specific instances such as awards, or commendations are inadmissible under Rule 405(b) because they are non-essential elements of a self-defense claim. *See United States v. Irving*, 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2018); *United States v. Washington,* 106 F.3d 983, 999-1000 (D.C.Cir.1997); *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984) (trial judge properly refused to let defendant introduce his services to the C.I.A. to prove his good character); *United States v. Solomon*, 686 F.2d 863 (11th Cir. 1982) (evidence of defendant's service in the military properly excluded as attempt to prove character by specific instances of conduct); *United States v. Goldfarb*, 643 F.2d 422, 434 (6th Cir. 1981) (evidence of defendant's Air Force service during two tours of duty in Vietnam not admissible); *United States v. Pantone*, 609 F.2d 675, 680 (3d Cir. 1979) (since character not an essential element of RICO offense, cannot use specific instances to prove character); *United States v. Herman*, 589 F.2d 1191, 1197 (3d Cir. 1978) (Rule 405 does not permit the affirmative use of specific instances of conduct to prove character except where character is an ultimate issue); *French v. United States,* 232 F.2d 736, 740–41 (5th Cir.1956) (holding that the trial court "right[ly]" refused to admit defendant's service record in the U.S. Army, as "it was not permissible to show good character by evidence of particular and specific facts, such as battle citations and the awarding of the Purple Heart.").

5. **This Court Should Preclude the Introduction of the Defendant's Culpability Relative to Co-defendants or Other Acts of "Good Conduct" by the Defendant on January 6, 2021**

The Defendant asserts that he should be permitted to offer evidence that – at a time on January 6, 2021 after the offenses with which he is charged – he came to the aid of a police officer. However, his explanation as to why this is permissible under Rule 404 highlights precisely why it is not. The defendant posits that "[c]oming to the defense of another during the chaos of the riots has the tendency to make it more probable at the Defendant was acting in self-defense or defense of others." (ECF 134 at 11). That is, the Defendant argues, because he aided an officer on one occasion, evidencing his good or peaceful character, he must have acted in accordance with that character on another occasion. *See* Fed. R. Evid. 404(b)(1) ("[e]vidence of . . [an] other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character"). Thus, the defendant should be precluded from introducing his relative culpability and alleged good acts.

**CONCLUSION**

For the reasons set forth herein and those raised in the motion in limine (ECF 125), the Government respectfully requests that this Court grant the government's motion in *limine* no. 1 through 5.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Matthew Moeder*_____
Matthew Moeder
Assistant United States Attorney
Missouri Bar No. 64036
400 East 9th Street
Room 5510
Kansas City, Missouri 64106
Matthew.Moeder@usdoj.gov
(816) 426-4103

/s/ *Benet J. Kearney*_____
Benet J. Kearney
New York Bar No. 4774048
Assistant United States Attorney
1 Saint Andrew's Plaza
New York, New York 10007
Benet.Kearney@usdoj.gov
(212) 637 2260