IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 1:21-cr-00447-CJN-03 |
| | : | |
| JOSHUA DOOLIN, | : | |
| Defendant. | : | |

### SUPPLEMENTAL BRIEFING FOR *MENS REA* UNDER 18 U.S.C. § 661

During closing arguments on March 14, 2023, the Government conceded that it could not find case law requiring a defendant charged under 18 U.S.C. § 661 to have an objectively reasonable *mens rea* to use an abandonment defense.[1]

Instead, the Government suggested that the Court look to the common law definition of larceny. According to the government, under that common law crime, the defendant must have an "honest belief" to use an abandonment defense.

Defendant Doolin submits that the common law crime of larceny is a separate and distinct offense. First, the United States Court of Appeals for the Third Circuit specifically considered whether 18 U.S.C. § 661 is a codification of the common law crime of larceny. The Court held:

---

[1] Although the Government did not explain their concession, Defense Counsel believes that it was because of the following excerpts of case law:
- "[W]rongdoing must be conscious to be criminal," and that a defendant must be "blameworthy in mind" before he can be found guilty. *Morissette v. United States*, 342 U.S. 246, 252 (1952).
- Courts have been particularly concerned to require a showing of intent where "necessary to separate wrongful conduct from 'otherwise innocent conduct.' " *Carter v. United States*, 530 U.S. 255, 269 (2000) (quoting *X–Citement Video*, 513 U.S. at 72).
- The "general rule" is that a guilty mind is "a necessary element in the indictment and proof of every crime." *United States v. Balint*, 258 U.S. 250, 251.
- This does not mean that a defendant must know that his conduct is illegal, but a defendant must have knowledge of "the facts that make his conduct fit the definition of the offense." *Staples v. United States*, 511 U.S. 600, 608.

1

"We are convinced that 18 U.S.C. § 661 and its predecessor statutes were not codifications of the common law crime of larceny but were intended to broaden that offense." United States v. Henry, 447 F.2d 283, 285–86, 8 V.I. 430, 434 (3d Cir. 1971). Consequently, the Henry Court rejected Appellant's argument that the Government needed to prove an element of the common law offense of larceny to convict under 18 U.S.C. § 661, *i.e.,* the intent to permanently deprive. Here, Doolin analogizes to Henry. It would be improper for the Government to prove an element of the common law offense of larceny to convict under 18 U.S.C. § 661. They are distinct.

Second, the United States Court of Appeals for the Fourth Circuit held that a defendant who broke into a building could be prosecuted for both breaking and entering with intent to commit larceny and 18 U.S.C. § 661. Clark v. United States, 267 F.2d 99, 100 (4th Cir. 1959). The Court recognized that they were "two separate statutes based in part up on the same acts" not to be conflated. *Id.*

Based on the government's concession, the case law in Footnote 1, and the case law from the Third and Fourth Circuits, a defendant need not have an objectively reasonable mens rea under 18 U.S.C. § 661 to use an abandonment defense.

                                              Respectfully submitted,

                                              _____
                                              Allen H. Orenberg, # 395519
                                              The Orenberg Law Firm, P.C.
                                              12505 Park Potomac Avenue, 6th Floor
                                              Potomac, Maryland 20854
                                              Tel. No. 301-984-8005
                                              Cell Phone No. 301-807-3847
                                              Fax No. 301-984-8008
                                              aorenberg@orenberglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 3023, I served via CM/ECF the foregoing SUPPLEMENTAL BRIEFING FOR *MENS REA* UNDER 18 U.S.C. § 661 to case registered parties.

_____
Allen H. Orenberg