UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 21-cr-447 (CJN) |
| : | |
| JOSHUA CHRISTOPHER DOOLIN, : | |
| MICHAEL STEVEN PERKINS : | |
| : | |
| Defendants. : | |

### UNITED STATES' MEMORANDUM OF LAW ON "OBJECTIVE REASONABLENESS" FOR 18 USC §§ 641, 661

The court has invited the parties to submit additional authorities regarding whether a defendant's belief that a property is abandoned must be "objectively reasonable" in order to defend against charges of violating 18 U.S.C. § 641 or 661.

*First*, common law larceny generally requires that a person's belief that the property is abandoned be "honest" and not a sham, rather than that it be reasonable or unreasonable. *Com. v. Liebenow*, 470 Mass. 151, 152–53, 20 N.E.3d 242, 244–45 (2014) ("It was the Commonwealth's burden to prove beyond a reasonable doubt that the defendant's subjective belief was not honestly held but, instead, was a pretense or sham"); *United States v. Chandler*, 74 M.J. 674, 685 (A. Ct. Crim. App. 2015) ("The correct mistake of fact instruction was whether appellant honestly believed that the property in question was abandoned or otherwise belonged to PVT Solt, not whether his belief was honest and reasonable.").

*Second*, by using expressions like "steal[ing]" and "purloin[ing]," Sections 641 and 661 were written to capture activity broader than common law larceny—that is, actions that might not violate the common law could violate these statutes. *United States v. Henry*, 447 F.2d 283, 285–86 (3d Cir. 1971) ("We are convinced that 18 U.S.C. § 661 and its predecessor statutes were not codifications of the common law crime of larceny but were intended to broaden that offense.

1

To accomplish that purpose, the words 'steal' and 'purloin' were used instead of simply using the term 'larceny' to describe the punishable offense.").

*Third*, the evidence at trial clearly demonstrated that, Joshua Doolin did not, in fact, believe that the property he took—a Metropolitan Police Department MK-46 and a United States Capitol Police riot shield—was abandoned.  After unlawfully entering a restricted area, Doolin took government property in a melee in which police were retreating and he, along with a mob, was advancing.  Though he had previously seen police using similar property just feet away from him, and the riot shield was clearly marked with United States Capitol Police insignia, he claims he did not recognize the items as government property and made no effort to return the items he took.  Rather, he relinquished the MK-46 only when it was confiscated by police, bragged about taking the riot shield, and kept—and autographed—the riot shield.  That he took these things on the Capitol grounds, in the immediate vicinity of the Capitol building while the building was still under siege further suggests that he knew what he was doing.  Just as a book in a library, or a helmet at a construction site, cannot be believed to be abandoned simply because it is not in active use, police gear in a police battle cannot be considered public property.  Considering these circumstances, Doolin's purported belief the MK-46 and the riot shield were abandoned was neither honest nor reasonable, the Court should not credit such testimony, and he should be found guilty on the relevant charges.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: March 15, 2023 | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| By: | /s/ Benet J. Kearney<br>NY Bar No. 4774048<br>Benet J. Kearney<br>Assistant United States Attorney<br>1 Saint Andrew's Plaza<br>New York, New York 10007<br>(212) 637 2260<br>Benet.Kearney@usdoj.gov<br><br>Matthew Moeder<br>MO Bar No. 64036<br>Assistant United States Attorney<br>400 East 9th Street, Room 5510<br>Kansas City, Missouri 64106<br>(816) 426-4103<br>Matthew.Moeder@usdoj.gov<br><br>Brendan Ballou<br>DC Bar No. 241592<br>Special Counsel, detailed to the<br>United States Attorney's Office<br>601 D Street NW<br>Washington, DC 20001<br>(202) 431-8493<br>brendan.ballou-kelley@usa.doj.gov |