IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                          Case No. 21-447-CJN

JOSHUA C. DOOLIN

Motion for Sentence Reduction
Pursuant to U.S.S.G. § 1B1.10

Defendant, Joshua C. Doolin, pro se, moves the Court to reduce his sentence pursuant to U.S.S.G. § 1B1.10.

Defendant qualifies for relief under Amendment 821 to the U.S. Sentencing Guidelines, which reduces the offense level by two levels for offenders with no criminal history points. See U.S.S.G. § 1B1.10(d) (Nov. 2023). The amendment, which applies retroactively, reduces defendant's guidelines range from 18-24 months to 12-18 months. Defendant respectfully submits that under the facts and circumstances in the record in this case, a sentence of 12 months, the bottom of the amended guidelines range would be appropriate under Amendment 821.

Amendment 821 to the United States Sentencing Guidelines went into effect on November 1, 2023. Part B of the amendment created a new Chapter Four guideline at § 4C1.1 (Adjustment for Certain Zero-Point Offenders). New § 4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A, and whose instant offense did not involve specified aggravating factors. See U.S.S.G. § 4C1.1a, Supplement to Appendix C, Reason for Amendment. The Commission provided the following rationale for the amendment:
" In establishing new § 4C1.1, the Commission was informed by its studies of recidivism among federal offenders, as well as other extensive data analyses of offenders with no criminal history points, and public comment...Recidivism data analyzed by the Commission shows,,,that offenders with zero criminal history points have considerably lower recidivsm rates than other offenders, including offenders with one criminal history point."

    Supplement to Appendix C, Reason for Amendment
The Commission recognized that "zero-point offenders were less likely to be re-arrested than 'one point' offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category." See Id. (citing U.S. Sent'g Comm'n, Recidivism of Federal Offenders Released in 2010 (2021), available at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released-2010.).

The adjustment for zero-point offenders applies retroactively pursuant to Amendment 825. U.S.S.G. § 1B1.10(d) (Nov. 2023).

To determine the extent of a retroactive sentencing reduction under § 3582(c)(2) for an eligible defendant, a court "shall consider the factors set forth in 18 U.S.C. § 3553(a)" as well as "public safety consideration[s]" (including "the nature and seriousness of the danger to any person or the community that may be posed by a reduction") and the defendant's "post-sentencing conduct." U.S.S.G. § 1B1.10, comment. (n.1(B)). A defendant's sentence can be reduced to the minimum of the new, amended guideline range. See U.S.S.G. § 1B1.10(b)(2)(A).

On August 16, 2023, the district court sentenced defendatn to a total term of 18 months incarceration. This sentence was at the bottom of the guidelines of 18-24 months. The new amended guidelines of 12-18 months, while within the range of the sentence imposed, still permits the Court to reduce defendants sentence to 12 months, which is the bottom of the new amended guidelines range.

For the reasons set forth in this motion, the Court should GRANT defendants motion to modify his sentence to 12 months incarceration pursuant to U.S.S.G. § 1B1.10(d).

Respectfully submitted,

Joshua C. Doolin, Defendant pro se
Register # 52954-509
FCI Coleman Low
P.O. Box 1031
Coleman, FL 33521