**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 1:21-cr-0447-3 (CJN) |
| JOSHUA C. DOOLIN, | |
| *Defendant*. | |

**<u>ORDER</u>**

On January 6, 2021, Defendant Joshua Doolin joined a crowd of rioters who breached the Capitol.  Doolin stole a police riot shield (which he passed to other rioters) and participated in a heave-ho with rioters against police officers.  *See* PSR, ECF No. 247 at 9–10.  He was on the Capitol grounds for over two hours.

Following a bench trial, the Court found Doolin guilty of four offenses, including Engaging in Civil Disorder, in violation of 18 U.S.C. § 231(a).  Thereafter, the Court sentenced him to 18 months of incarceration on the civil disorder count, to be served concurrently with a sentence of 12 months incarceration on the theft and criminal trespass counts.  The Court based that sentence in part on its calculation that Doolin's Sentencing Guidelines range was 18-24 months of incarceration (resulting from a total offense level of 15 and criminal history category I).

Doolin appealed and now seeks an indicative ruling, under Rule 37 of the Federal Rules of Criminal Procedure, whether he would be eligible for a 2-level reduction in his total offense level under U.S.S.G. §4C1.1.  That provision, titled "Adjustment for Certain Zero-Point Offenders," permits a 2-level decrease from the total offense level for defendants who did not receive any criminal history points and satisfied certain criteria.  Most relevant here, a defendant

1

is not eligible if he "use[d] violence or credible threats of violence in connection with the offense." *See* U.S.S.G. §4C1.1(a)(3).

Doolin argues that he is eligible because he did not "punch, kick, grab, or throw any objects at law enforcement officers." *See* ECF No. 306 at 12.  Doolin argues that, while his conduct was unruly, he was "several rows from the front of the pack" pushing and engaging police. *Id*.

The Government opposes, arguing that "Doolin used the riot shield to forcefully push into the [Capitol] Tunnel" with "the mob that had gathered there." *See* ECF No. 309 at 6.  The Government argues that his objective was to go inside a closed government building protected by police officers attempting to expel rioters, and that is enough to constitute "violence or credible threats of violence." *See id*. at 5–6 (collecting cases).  The Government concedes, however, that "Doolin was not in direct physical contact with police officers." *Id*. at 6.

The Court concludes that, if it had jurisdiction over the matter, it would grant Doolin's motion for a sentence reduction.  First, Doolin did not engage in violence in the ordinary meaning of the term. *See, e.g.*, *United States v. Yang*, 23-cr-100 (JDB), 2024 WL 519962, at *5 (D.D.C. Feb. 9, 2024) (rejecting the "government's violence-by-presence theory of §4C1.1(a)(3)").  He did not strike officers or threaten to strike them while at the Capitol.  He therefore would have qualified for, and received, the 2-point reduction under U.S.S.G. §4C1.1, with a resulting offense level of 13 and range of 12 to 18 months of incarceration.

Second, had the Court been presented with that range, it would have sentenced him to 15 months of incarceration, in light of all factors under 18 U.S.C. § 3553(a).

Accordingly, it is

**ORDERED** that the Motion for an Indicative Ruling, ECF No. 306, is **GRANTED**.

DATE:  June 17, 2024

CARL J. NICHOLS
United States District Judge